NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3271

LEONORA N. DUNNE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 9, 2005

_____

Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Leonora N. Dunne ("Mrs. Dunne") seeks review of the decision of the Merit Systems Protection Board ("Board"), upholding the decision of the Office of Personnel Management ("OPM"), denying her request for a survivor annuity.  We affirm.

BACKGROUND

The facts of this case are undisputed.  Mrs. Dunne married Brian Dunne ("Mr. Dunne") on July 5, 2003.  Mr. Dunne died of cancer thirty-eight days later, on August 12, 2003.  Mrs. Dunne applied for a survivor annuity from OPM based on Mr. Dunne's thirty-four years of successful service under the Civil Service Retirement System ("CSRS").  OPM denied the annuity, finding that Mrs. Dunne's thirty-eight-day marriage did not qualify her as a surviving widow under CSRS.  OPM did, however, award Mrs. Dunne a one-time lump-sum payment of $97,057.30, representing the retirement

contributions made to Mr. Dunne's retirement fund. Mrs. Dunne appealed OPM's denial of her annuity request to the Board.

In an initial decision, the Administrative Judge ("AJ") affirmed OPM's decision to deny the survivor annuity. The full Board denied review. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Butterbaugh v. Dep't of Justice, 1336 F.3d 1332, 1336 (Fed. Cir. 2003).

Mrs. Dunne does not dispute that under the "letter of the law," she is not entitled to the survivor annuity. As the Board explained in its initial decision, 5 U.S.C. § 8341 governs who is entitled to a survivor annuity. Under this statute, a spouse is entitled to a survivor annuity if she is a "widow" under section 8341(a)(1). To qualify as a "widow" under this section, the surviving spouse must have been married to the employee for "at least 9 months immediately before his death" or must be "the mother of issue by that marriage." 5 U.S.C. § 8341(a)(1) (2000). The statute further provides that a surviving spouse will be deemed a "widow" under section 8341(a)(1) if the employee dies "within the applicable 9-month period" if "(1) the death of the employee or Member was accidental; or (2) the surviving spouse of such individual had been previously married to the individual and subsequently divorced, and the aggregate time married is at least 9 months." 5 U.S.C. § 8341(i) (2000). Mrs. Dunne does not qualify for the survivor annuity under any of these provisions: she was married to Mr. Dunne for under nine

months; she and Mr. Dunne had no children; Mr. Dunne's death does not qualify as "accidental" under the relevant regulation;[1] and she was not previously married to Mr. Dunne. Accordingly, the Board, while sympathizing with Mrs. Dunne's position, affirmed the OPM.

Mrs. Dunne argues that this decision is unjust and not in accordance with the spirit of the law when one considers her relationship with Mr. Dunne. It is undisputed that she and Mr. Dunne were in a relationship for seven years prior to his death and that she "functioned as [Mr. Dunne's] wife for many years prior to his death." The Board found that Mrs. Dunne presented credible evidence that Mr. Dunne "intended for [her] to receive all of his benefits as a wife." Nonetheless, the Board found that this was, at best, evidence of a common law marriage, and it was insufficient to qualify Mrs. Dunne for the survivor annuity under the statute. The Board correctly noted that although federal law controls the right to federal benefits resulting from familial relationships, state law applies to define such relationships. See Dickey v. Office of Pers. Mgmt., 419 F.3d 1336, 1339-40 (Fed. Cir. 2005); Payne v. Office of Pers. Mgmt., 42 M.S.P.R. 389, 393-94 (1989). In this case, Maryland, the state where Mr. and Mrs. Dunne were domiciled, does not recognize common law marriages. Blaw-Knox Const. Equip. Co. v. Morris, 596 A.2d 679, 685 (Md. Ct. Spec. App. 1991) (citing Henderson v. Henderson, 87 A.2d 403 (Md. 1952)). Accordingly, Mrs. Dunne does not qualify for a survivor

---

[1] 5 C.F.R. § 831.642 describes the set of circumstances in which a death is considered accidental. The regulation specifically excludes death "[c]aused wholly or partially, directly, or indirectly, by disease or bodily or mental infirmity, or by medical or surgical treatment or diagnosis thereof." 5 C.F.R. § 831.642(d)(1)(i) (2004).

annuity based on the amount of time she was in a relationship with Mr. Dunne. Although the result here is harsh, we find no error in the Board's decision.

## CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

## COSTS:

No costs.